### MUNICIPAL PAVING CO. et al. v. FARMER et al.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Wheeler & Marshall, David R. Reed, Paducah, for appellants.

Waller, Threlkeld & Whitlow, Paducah, Grover E. Holmes, Metropolis, Ill., for appellees.

COMBS, Justice.

This is an appeal from a judgment of the McCracken Circuit Court in favor of appellees, who will be called plaintiffs, in the sum of $4,641.15. Appellant, Municipal Paving Company, an Illinois corporation, was the general contractor for the construction of the "Paducah Belt Line Road" in the suburban area of the City of Paducah. United States Fidelity & Guaranty Company is also an appellant, as the surety on the performance bond of Municipal Paving Company.

On October 4, 1947, plaintiffs, a partnership doing business as Farmer & Stamme, entered into a written contract with Municipal to do certain roadway excavation, tree and stump removal, clearing and grubbing, for the unit price of 48 cents per cubic yard of roadway excavation, which included removing the subgrade to within one-tenth of one foot of the final grade established by the Kentucky Highway specifications. By this subcontractor's agreement, Municipal agreed to pay plaintiffs for work completed as established by the State of Kentucky Engineers' estimate for roadway excavation when and as such estimates were received from the State.

Plaintiffs did some work under this agreement during the years of 1947 and 1948 and were paid a total of $4,864.27. They filed this action against United States Fidelity &·Guaranty Company on September 8, 1950, for the sum of $5,133.20, representing additional work done under the contract and certain rentals claimed to be due on equipment loaned to Municipal. Municipal filed an intervening petition, answer and counterclaim, denying plaintiffs had done the work claimed and alleging they had failed to complete the work in compliance with the contract; and that such failure required Municipal to do the work at a cost to it of $7,702, which was $2,314.95 in excess of the contract price with plaintiffs. Municipal

prayed judgment against plaintiffs on its counterclaim in the sum of $2,314.95. The jury found against Municipal on its counterclaim and returned a verdict of $4,641.15 for the plaintiffs.

Three grounds are relied on for reversal: (1) the admission of incompetent evidence; (2) the exclusion of competent evidence; and (3) errors in instructions.

It is established by the evidence that plaintiffs worked in the fall of 1947 until Municipal requested that they discontinue work through the winter; that plaintiffs returned to work in the fall of 1948 and worked until October 25, at which time they left because of some disagreement with Municipal. At that time all of the excavating had not been completed, but there is controversy as to the amount of work which remained to be done.

 The plaintiffs, in attempting to establish the amount of dirt actually removed by them, introduced S. H. Andrews, Resident Engineer of the State Highway Department, in charge of the work for the Highway Department, and it is part of his testimony which appellants contend was inadmissible. He testified as follows:

"The final estimate on that was 21,597 yards, and we have the total yardage that was not removed by Farmer and Stamme, which is 1319, which is a total of 20,278 yards removed by Farmer and Stamme."

Twenty-two monthly Highway Department estimates and a semi-final estimate covering the period July 17, 1947 to November 28, 1949, were introduced. Mr. Andrews obtained his figures on the total amount of excavation from the semi-final estimate and then stated his opinion as to the amount of the total that was performed by plaintiffs. The increase in the total of the semi-final estimate over the monthly estimates is explained by the fact a cross-section calculation was made to arrive at the semi-final estimate, and since Municipal was paid on the basis of that calculation it seems to us the subcontractor should be paid on the same basis. These estimates, even when considered together, do not show with complete accuracy the number of yards of dirt removed by plaintiffs, and we think the court correctly permitted the highway engineer, whose qualifications were unquestioned, and who was familiar with this particular project, to calculate the yardage removed by plaintiffs.

 Appellants' complaint of the exclusion of competent testimony is based on the court's refusal to permit the witness, Nerwin, who was Municipal's auditor on this job, to introduce a summary of certain voluminous records introduced as evidence and filed as exhibits. These records consisted of payrolls, checks, general ledger sheets and other data prepared by or under the supervision of Mr. Nerwin. The summary offered by him purports to show an itemization of the cost incurred by Municipal in completing the work not performed by plaintiffs. It seems to be the general rule that, where a fact can be ascertained only by the inspection of numerous documents made up of many detailed statements, a summary of those documents is admissible if prepared and offered by a competent witness who has examined the documents and summarized the results. 20 Am.Jur., Evidence, section 449, page 398; Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S.W.2d 849; Louisville Bridge Company v. Louisville & N. R. Company, 116 Ky. 258, 75 S.W. 285. In those cases where a summary is admissible, it is admitted only on condition that the documents upon which the summary is based are made accessible to the opposing party in order that the correctness of the summary may be tested on cross-examination. It also appears that the trial court has broad discretion in admitting or rejecting such a summary and in imposing the conditions under which it may be admitted. We think the admissibility of the summary was a matter within the discretion of the trial court, and we are unable to say there was any abuse of the court's discretion. Although the summary was not permitted to be introduced, the witness was permitted to use it to refresh his recollection as to the contents of the documents, and even if it should be said there was a technical abuse of discretion in the

court's refusal to permit the summary to be filed, the error was not prejudicial to the appellants.

This brings us to the complaint about the instructions. The instructions are long and complicated, but this was a complicated case for trial by a jury. The chief complaint is that the instructions are too long and too abstract to be understood by the jury. There is some basis to this argument, but we find no specific error which could be considered prejudicial to the appellants' rights. Both sides apparently were willing to take their chances with a jury, and having done so cannot now rely on the fact the issues were too complicated to be understood by the jury.

The judgment is affirmed.